IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 08-01073-TUC-JMR (JCG) |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | re Bond Forfeiture |
| Jorge Enrique Ballesteros, | |
| Defendant. | |

Pending before the Court is the government's Motion for Entry of Judgment of Bail Bond Forfeiture. (Doc. 37.) American Liberty, Inc.[1] ("the Surety") filed a Response opposing forfeiture of the bond. (Doc. 49.) The Government filed a response to Surety's opposition. (Doc. 50). A hearing on the Motion was held. Defendant, his attorney, and Surety's attorney were present. After the hearing, the matter was taken under advisement. Having now considered the matter, the Magistrate recommends that the Court GRANT the Motion for Entry of Judgment of Bail Bond Forfeiture.

The defendant was released on August 5, 2008, on a corporate surety bond in the amount of $5,000, which was posted by the Surety. According to the Surety, defendant's wife, Toni Ballesteros, used the family car as collateral for the bond, making her the

---

[1] The Court notes that the paperwork securing the bond lists the Surety's name as Accredited Surety and Casualty Company, Inc. The Notice of Appearance on Behalf of Surety (Doc. 43) filed by T.S. Hartzell lists the surety as American Liberty, Inc.

indemnitor of the bond. One of the conditions of defendant's release was that he not commit any crime. On January 10, 2009, defendant was arrested in Pima County on charges related to a home invasion. Defendant was released from Pima County jail on January 12, 2009, on a $15,000 bond.

On January 14, 2009, a Petition for Action on Conditions of Release ("the Petition") was issued and defendant was arrested on a warrant on January 20, 2009. According to the Surety, having learned of the Petition and warrant, the defendant, defendant's wife, and defendant's lawyer walked to Pretrial Services where defendant surrendered himself to custody. On January 22, 2009, at a hearing on the Petition, the defendant admitted that he had been arrested and charged with a crime; his conditions were revoked and he was remanded into custody. That same day, defendant was indicted by a Pima County grand jury on charges of conspiracy to commit armed robbery and conspiracy to commit aggravated robbery. Subsequently, the government filed a Motion to Forfeit Bond (Doc. 29) and the Court ordered that the bond be forfeited. (Doc.34.)

**Analysis**

The government now seeks entry of judgment on the bail bond forfeiture. (Doc. 37.) The government requests that the Court declare the Surety liable to the United States for $5,000 according to the terms of the bond. The Surety filed a Response opposing the request asserting: (1) the government failed to prove that defendant committed a crime in violation of a condition of the bond and (2) Rule 46(f)(2), Fed.R.Crim.P., favors setting aside the forfeiture. (Doc. 49, p. 2.) At oral argument, the Surety conceded the first ground, acknowledging that defendant admitted at the violation hearing that he was arrested in Pima County, that the arrest was based on probable cause, and that a violation of the "commit no crime" condition need only be proven by probable cause. The Surety also acknowledged defendant's almost simultaneous indictment on criminal charges. Thus, the only argument to be addressed is whether forfeiture should be set aside pursuant to Rule 46(f)(2), Fed.R.Crim.P.

1  Rule 46(f)(2) provides two circumstances for setting aside forfeiture.  Rule
2  46(f)(2)(A) allows the Court to set aside a forfeiture, in whole or in part, if a surety later
3  surrenders the defendant into custody.  "The Surety admits it did not [surrender the defendant
4  into custody]" (Doc. 49, p. 2), but believes that the wife's participation in defendant's
5  surrender should be credited to the Surety.  The Surety reasons that the wife, as indemnitor,
6  is like an individual surety because she posted the family car.  According to Surety, Toni
7  Ballesteros, to protect the car, was instrumental in convincing defendant to surrender and she
8  accompanied defendant to the Pretrial Services office to ensure he got there.  Therefore, the
9  "individual surety" helped defendant surrender.

The Surety acknowledges that this would be a liberal reading of Rule 46(f)(2)(A). The Magistrate agrees and further concludes that such a reading would deviate from the plain meaning of the statute which clearly refers to the surety's role in surrender of the defendant - not an indemnitor's. Moreover, even if the rule could be read as liberally as the Surety suggests, the Magistrate notes that no evidence was presented in support of the assertions that defendant's wife had a role in persuading defendant to surrender or that she did so to protect property posted for the bond.

Rule 46(f)(2)(B) allows the Court to set aside a forfeiture where justice would not be served.  Six factors are to be considered in making this determination:  (1) defendant's willfulness in breaching a release condition; (2) the surety's participation in apprehending defendant; (3) the cost, inconvenience and prejudice suffered by the government; 4) mitigating factors; (5) whether the surety is a professional or a member of the family or a friend; and (6) the appropriateness of the amount of the bond.  *United States v. Amwest Surety Insurance Co., Inc.*, 54 F.3d 601, 602 (9th Cir. 1995).

Surety argues that, if the indemnitor is considered on par with the Surety, the factors favor setting aside any forfeiture. This argument is again unpersuasive. This reading would render meaningless some of the factors to be analyzed by this court. For example, factor 5, whether the surety is a professional or family member or friend suggests that the Court does not view sureties and indemnitors in the same light.  Applicable case law also refutes

Surety's suggested reading of the rule. *See Id.,* 54 F.3d at 603-04 (wife's assistance in locating husband, a fugitive defendant, while helpful to the marshal, does not demonstrate that surety made affirmative efforts to recapture defendant or to otherwise participate in his apprehension). The Magistrate thus again concludes that the analysis under Rule 46f)(2)(B) must be done with reference to the Surety, who has requested setting aside of the forfeiture, as opposed to an indemnitor - who has not.

Consideration of all six factors supports the forfeiture of the bond. Factors 1, 2, 5 and 6 favor forfeiture. The defendant willfully committed serious crimes while on federal pretrial release. The Surety did not participate in surrendering the defendant. The Surety is a professional. The amount of the bond was appropriate to the underlying charge of Possession of a Firearm by a Convicted Felon.[2] *See Id.* at 604 (amount of bail found to be appropriate in light of offense with which defendant was charged; the hallmark of a liquidated damage provision is reasonableness at the time the agreement is made).

As for Factor 4, there is no mitigating factor applicable except the defendant's possible self-surrender. This factor does not provide much mitigation in light of the larger picture - his arrest for the home invasion and violation of his conditions of release. The only other mitigation is the consequence to defendant's wife. In agreeing to post the car to obtain the bond, however, Mrs. Ballesteros presumably understood that she would lose the car if defendant violated his conditions. Moreover, the focus of the Court's analysis is mitigating factors favoring the Court relieving the Surety of its obligations, not the indemnitor. *Id.* at 54 F.3d at 604 (refusing to consider in mitigation need to protect wife who provided security for bond; court "cannot adjudicate the nature of enforceability of rights and duties existing between [wife] and the sureties.").

Factor 3 is neutral. There is no evidence that the government was prejudiced. The only cost and inconvenience resulting from defendant's violation of his conditions is the

---

[2] Defendant concedes that the amount of the bond was appropriate, but assets that this factor is neutral.

effort required of the government to litigate bond forfeiture. Thus, taken as a whole, the factors do not support a finding that justice would not be served by forfeiture of the bond in this matter.

For the foregoing reasons, the Magistrate recommends that the District Court, after its independent review, grant the Motion for entry of Judgment of Bail Bond Forfeiture (Doc. 37) and declare the Surety liable to the United States for $5,000.

The parties have fourteen (14) days to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: CR 08-01073-TUC-JMR

DATED this 1st day of March, 2010.

_____
Jennifer C. Guerin
United States Magistrate Judge